Filed 6/3/14  Marriage of Zhang and Huang CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of MING JUAN ZHANG and REN RONG HUANG. | H038306 (Santa Clara County Super. Ct. No. 1-06 FL133583) |
| MING JUAN ZHANG, Appellant, v. REN RONG HUANG, Respondent; KAY LAU, Claimant and Respondent. | |

Appellant Ming Juan Zhang seeks review of a judgment arising from the dissolution of her marriage to respondent Ren Rong Huang.  Zhang contends that the judge assigned to the case mistakenly believed the "lies" of Huang and their adult daughter, respondent Kay Lau, with the result that he miscalculated the amounts each party owed the other.  Having no adequate record or any reasoned argument establishing insufficiency of the evidence presented below, we must affirm the judgment.

*Background*

All three parties are representing themselves on appeal. None of them has complied with California Rules of Court, rule 8.204, for filing appellate briefs. In particular, none cites the record to support statements of fact, as required by rule 8.204(a)(1)(C), and Zhang's opening brief completely fails to comply with rule 8.204(a)(2).[1] We are further limited in our review by the inadequacy of the appellate record to convey a full picture of the facts and issues in this controversy. Consequently, in summarizing the history of this dispute we will rely on the decision of James F. Cox, the temporary judge who conducted the trial by stipulation of the parties.

Appellant Zhang and respondent Huang were separated on May 1, 2006, after a marriage of nearly 39 years. The family court entered a judgment of dissolution on September 24, 2010 as to status only, leaving the parties' ongoing financial dispute for resolution by Judge Cox. The issues before Judge Cox were spousal support, division of the community assets, and attorney fees. At some point the parties' daughter, Kay Lau, was drawn into the litigation when Zhang disputed Lau's one-third ownership of the family residence, and Zhang maintained that Huang had improperly deposited community funds into a joint account held by Huang, Lau, and Lau's husband. Zhang

---

[1] Rule 8.204 states, in relevant part, "(a) Contents [¶] (1) Each brief must: [¶] (A) Begin with a table of contents and a table of authorities separately listing cases, constitutions, statutes, court rules, and other authorities cited; [¶] (B) State each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority; and [¶] (C) Support any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears. If any part of the record is submitted in an electronic format, citations to that part must identify, with the same specificity required for the printed record, the place in the record where the matter appears. [¶] (2) An appellant's opening brief must: [¶] (A) State the nature of the action, the relief sought in the trial court, and the judgment or order appealed from; [¶] (B) State that the judgment appealed from is final, or explain why the order appealed from is appealable; and [¶] (C) Provide a summary of the significant facts limited to matters in the record."

and Huang each asserted claims for reimbursement from the other.  Zhang also accused Huang of hiding his income.

Judge Cox found that the transfer of funds between father and daughter were legitimate, and the joint title on the account was made with an "innocent purpose."  For her part, on the other hand, Zhang had opened accounts in her brother's name while retaining control over the community funds in them.  Another account was opened as an alias trading account for Lau, which led to Lau's termination from employment when Zhang reported that Lau had engaged in insider trading.

Noting that "the parties had practically the exact same estate," Judge Cox ruled that each party, including Lau, "shall take and receive all accounts and real property in their own name[s]; Wife shall maintain control and shall be free from any claims of Husband for any funds remaining in accounts putatively in the name of Ming Fu Zhang, and each shall be responsible for any debts or obligations in his or her respective name."  As to spousal support, the judge evaluated the factors set forth in Family Code section 4320 and concluded that "considering their ages[2] and [Huang's] serious medical conditions . . . neither party is capable of paying support to the other."

Judge Cox then turned to the requests by all three parties for fees and costs.  By this time, in late April of 2012, Zhang had spent $140,202.50, Huang had spent $88,438.00, and Lau had spent $43,966.75.  From a blocked bank account containing the proceeds of Zhang's sale of her one-third interest in the family residence, $110,000 was designated as payable to the attorneys for the parties and to Judge Cox for his services.  The judge evaluated the evidence in light of Family Code section 2030, 2032, and 271.  He noted that Huang's openness and "extensive disclosure" of years of financial transactions was countered by Zhang's failure or refusal to document the multiple

---

[2] Huang was then 71 and Zhang was 66.

3

accounts she had opened in her brother's name and which she had used "for her own custodial treatment of community funds." She also had used accounts falsely opened in another's name to trade stock on Lau's behalf and then reported Lau for insider trading, which led to Lau's termination. Zhang had also asserted misbehavior by Huang and Lau for Lau's placing of Huang on one of her accounts, "a common practice in families of every type and nature to act as an informal power of attorney." The court also noted Zhang's unsuccessful pursuit of a restraining order against Lau's husband, which "created an ancillary and costly proceeding most likely designed to harass rather than protect." And Zhang had reported Huang to the IRS for underreporting income, which also seemed "intended to harass and annoy or to gain an advantage in the dissolution action," even though Zhang herself had apparently failed to report income she received from renting out rooms in the community home.

The judge summarized his evaluation of the conduct of the litigation by noting Zhang's "continued insistence" that others had engaged in wrongdoing. Her position, Judge Cox concluded, was "contrary to the multiply re-affirmed documentary and testimonial evidence, the standard of living of the parties, and the funds available," and therefore "flies in the face of all logic or reason." Judge Cox consequently ordered the trustee of the blocked account to pay (1) Zhang's attorney $48,142.00 plus any outstanding costs up to $8,000; (2) Huang, for attorney fees and costs, $24,000 as a sanction for litigation conduct; and (3) Lau, for attorney fees and costs, $5,000 as a sanction for litigation conduct. Zhang was to receive the balance in the account.

Zhang filed a timely notice of appeal.

*Discussion*

The gravamen of Zhang's position is that Judge Cox's judgment was "unfair" in several respects. She seeks to "prove," with 32 pieces of evidence, that Huang should pay her a total of $376,931. But Zhang misconceives the role of this court. We may not retry a case on the facts, but must "determine whether there is substantial evidence to

4

support the conclusion of the trier of fact even [if] there is contrary evidence equal to, or even greater, than that which favors the trial court's decision.  We cannot [reweigh] the evidence, or pass upon the credibility of the witnesses.  If we reach a conclusion that there is substantial evidence to support a judgment or order we must affirm it [citation], even [if] we might have reached a contrary conclusion as individual judges if we had been the triers of fact below."  (*Kallman v. Henderson* (1965) 234 Cal.App.2d 91, 96-97; *Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 766.)

Furthermore, our review must begin with the presumption that the judgment is correct. (*Ritschel v. City of Fountain Valley* (2006) 137 Cal.App.4th 107, 122-23.)  Accordingly, "[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.  This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citation]"  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' [Citations.].)"  (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

Thus, in order to overcome the presumption that Judge Cox ruled incorrectly, Zhang had the obligation to prepare a record that demonstrates error.  (*Lincoln Fountain Villas Homeowners Ass'n v. State Farm Fire & Cas. Ins. Co.* (2006) 136 Cal.App.4th 999, 1003, fn 1.)  It is not enough for Zhang to assert that she has evidence to prove that the judge "made a huge mistake."  And it is not enough to repeatedly accuse Huang and Lau of lying to the judge.  "[A]n attack on the evidence without a fair statement of the evidence is entitled to no consideration when it is apparent that a substantial amount of evidence was received on behalf of the respondent. [Citation.]  Thus, appellants who challenge the decision of the trial court based upon the absence of substantial evidence to support it ' "are required to set forth in their brief *all* the material evidence on the point

5

and *not merely their own evidence.* Unless this is done the error is deemed waived." ' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; see also *Foust v. San Jose Const. Co., Inc.* (2011) 198 Cal.App.4th 181, 186-187 [failure to provide record adequate for meaningful review compels resolution of issue against appellant].)

Here there is no reporter's transcript or settled statement reflecting the oral proceedings below. Zhang's brief consists of unsupported statements of fact on the issues of profit and loss of the parties' investments, amounts transferred to others by each party, and amounts of money she borrowed and paid back, all of which purportedly contribute to her claim that Huang and Lau "devoured [her] money." She complains that Judge Cox miscalculated these amounts and "believed [Huang's and Lau's] lies," but she fails to provide reasoned argument or references to the record to show that no substantial evidence supports the judge's factual findings on these issues. Punctuating each of her assertions are similarly unsupported allegations of fraud by Huang and Lau, spousal abuse by Huang,[3] accusations of insider trading by Lau,[4] requests for spousal support, and demands for payment of her attorney fees and for return of the fees she was ordered

---

[3] The only relevance Judge Cox appeared to find in these allegations was as a factor in determining whether spousal support was warranted. The judge discounted Zhang's allegations of abuse by finding no evidence of "documented domestic violence" and noting that no evidence of "the criminal conviction of an abusive spouse" was submitted.

[4] Judge Cox found that Zhang had opened several different accounts in her brother's name, over which she had "total and exclusive control." At trial Zhang insisted that the funds remaining in those accounts were "not hers, though still under her control. These continued disingenuous assertions would almost rise to the level of intentional concealment, except that apparently all parties knew of the apparent subterfuge." Of these accounts, the judge found, at least one appeared to be "an alias trading account" for Lau, which Zhang used to trade stock on Lau's behalf. Zhang then reported Lau to Lau's employer in order to bring about Lau's termination, "while still maintaining [Lau's] funds in the falsely titled account."

6

to pay Huang and Lau as a sanction for her trial conduct.[5]  None of these assertions is supported by a fair statement of evidence in the appellate record, nor does she even attempt to demonstrate that the attorney fee order was unauthorized under Family Code section 271.

In short, because Zhang has not presented reasoned argument supported by both legal authority and evidence in the record, she has failed to make an affirmative showing of error.  Accordingly, we must adhere to the presumption that Judge Cox's determination of facts and exercise of discretion were correct.  No basis for reversal is shown.

*Disposition*

The judgment is affirmed.  Huang and Lau are entitled to their costs on appeal.

---

[5] In ruling on the parties' requests for attorney fees, Judge Cox found that despite the "openness" and "extensive disclosure" by Huang, Zhang herself "failed or refused to provide documentation for three accounts she had opened in her brother's name and which she used for her own custodial treatment of community funds, as well as [Lau's] trading.  She consistently refused to acknowledge her use of the accounts, and maintained [that] the funds were not hers in the face of clear evidence to the contrary."  Zhang had also "repeatedly ignored the state of the law on California multiparty accounts," pursued a restraining order against Lau's husband in a likely attempt to "harass rather than protect," and reported Huang to the IRS for underreporting income in another effort to "harass and annoy or to gain an advantage in the dissolution action, even though [she herself] had apparently not reported income from renting out rooms in the community home."  All of these events, together with Zhang's assumption of positions contrary to the clear state of the evidence, contributed to the court's imposition of attorney fees as a sanction against Zhang under Family Code section 271.

_____

ELIA, J.

WE CONCUR:


_____

RUSHING, P. J.


_____

PREMO, J.